UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-CR-63 |
| | ) | |
| QWINDEL JEROME PAGE | ) | |

**REPORT AND RECOMMENDATION**

Stating explicitly that he is filing this motion at the insistence of his client, defendant's counsel has filed a motion to dismiss the Superseding Indictment. (Doc. 43). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 22, 2012.

Defendant, *pro se,* filed a motion that apparently attempted to raise the identical issue presented by this motion. Defendant's *pro se* motion defied all efforts to understand it; counsel's motion is at least comprehensible, albeit without merit.[1]

21 U.S.C. § 841(a)(1) makes it a federal crime for anyone to manufacture, distribute, dispense, or possess with the intent to do any of the foregoing, a "controlled substance." 21 U.S.C. § 812 creates five schedules of controlled substances. Under subsection (a), those schedules are to be updated and republished on an annual basis.

Under § 811 of Title 21, the Attorney General of the United States is granted

---

[1] Again, the court acknowledges that attorney Lloyd has filed the motion only because his client had insisted that he do so.

authority to add drugs to the appropriate schedule by rule. It is defendant's argument that the Attorney General did not follow the appropriate rule-making procedure in the statute, as a result of which Oxycodone has never been validly designated as a scheduled, and hence illegal, drug.[2]

Defendant presented no facts to support his argument that the Attorney General did not follow the appropriate administrative procedure in adding Oxycodone as a Schedule II controlled substance.

Lacking any evidence that the Attorney General failed to follow the appropriate administrative procedure in including Oxycodone as a Schedule II controlled substance, the court respectfully recommends that his motion to dismiss the Superseding Indictment, (Doc. 43), be denied.[3]

Respectfully submitted,

     s/ Dennis H. Inman
United States Magistrate Judge

---

[2] Oxycodone is the chemical equivalent of Opium; 21 U.S.C. § 812(a)(1) and (2). Further, 21 C.F.R. § 1308.12(b)(1) explicitly refers to "oxycodone."

[3] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).