UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:10-CR-63 |
| ) | |
| QWINDEL JEROME PAGE ) | |

## **REPORT AND RECOMMENDATION**

The defendant has filed a motion to dismiss Counts One and Three of the Superseding Indictment. (Doc. 39). The defendant, *pro se,* has gone even further: he has filed a "Demurrer" to the Indictment or alternatively, a motion to dismiss all three counts of the Superseding Indictment pursuant to F.R.Crim.P. 12(b)(3)(B).[1] These motions have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 22, 2012.

The motion filed by defendant's attorney, (Doc. 39), although the court disagrees with it, nevertheless, has a modicum of legal analysis to support it. Defendant's *pro se* motion, to the extent the court could understand it, has no legal basis. Under the Local Rules of this court, since defendant has court-appointed counsel, this court should strike his *pro se* motion and address it no further. Nevertheless, it will be addressed on its non-existing "merits."

## *MOTION TO DISMISS COUNTS ONE AND THREE OF THE SUPERSEDING*

---

[1] Defendant's *pro se* motion was not docketed in ECF as a motion; it was filed as an attachment to counsel's "Notice of Filing," and is docketed as Document 41-1.

*INDICTMENT (DOC. 39)*

Counsel argues that since there is no co-conspirator named in either Count One or Count Two of the Superseding Indictment, defendant is not "fairly informed" of the charges against him as required by the Fifth Amendment to the Constitution. However, as pointed out in the United States' response, there is no constitutional requirement that co-conspirators be explicitly named in the indictment, as long as the prosecution ultimately presents evidence that there was an agreement between two or more persons to commit a criminal offense. *See, United States v. Cent. Supply Ass'n.*, 37 F.Supp. 890 (N.D. Ohio 1941).

Counsel's motion filed on behalf of defendant in which he requested that Counts One and Three be dismissed, (Doc. 39) is not well-taken, and it is recommended that it be denied.

***DEFENDANT'S DEMURRER TO THE INDICTMENT, OR MOTION TO DISMISS PURSUANT TO F.R.CRIM.P. 12(b)(3)(D)***

The defendant, *pro se,* has made arguments which can only be characterized as bizarre and frivolous.

First, he argues that the crimes asserted in Counts One, Two, and Three do not constitute a crime under federal law. He is wrong, as evidenced by the myriad of Oxycodone cases prosecuted in this court over the past several years. Section 841(a)(1) of Title 21 of the United States Code makes it a crime for any person to distribute, or to possess with the intent to distribute, a controlled substance. It is beyond argument that Oxycodone is a "controlled substance;" *see*, 21 U.S.C. § 812(a), and 21 C.F.R. 1308.12(a)xiii.

Defendant next argues that he is a "non-party," since the Indictment spells his name

2

in all upper case letters, whereas he spells it with only the first letter of each of his names being capitalized, and the remaining letters being lower case. This not only is a frivolous argument, it is contemptuous. Nothing further need be said.

Next, he argues that under Federal Rule of **Civil** Procedure 12(b)(6), the Indictment fails to state a claim against him for which relief may be granted. Quite apart from the fact that he is relying upon a rule of civil procedure, defendant's argument in support of this particular assertion is nonsensical and beyond the ability of this magistrate judge to understand. In short, it makes absolutely no sense.

Defendant argues that the "United States Attorneys Office reconstruction [sic] 21 U.S.C. § 841(a)(1) "is based on an impermissible construction of 21 C.F.R. § 1301 . . . [and] is in violation of the Rule making procedures of Title 5 U.S. Code § 553(b) . . . ." Again, this argument is incomprehensible.

Next, defendant argues that the allegations of Counts One and Two do not constitute a crime against the United States. Defendant is incorrect; they do.

Defendant argues that he is not charged under 21 U.S.C. § 841(a)(1) together with 21 C.F.R. § 1306.04, which gives the charging instrument force and effect of law under and [sic] Executive Order. His argument is incomprehensible.

Next, defendant argues that the powers not explicitly granted to the federal government by the Constitution are reserved to the respective states, citing the Tenth Amendment to the Constitution. Insofar as that goes, defendant is correct, but he fails to state how the Tenth Amendment to the Constitution has any application to his case.

3

Defendant next argues that 18 U.S.C. § 1956 does not make money laundering a "continuing offense," and the government has failed to state a claim for which relief can be granted under Civil Rule 12(b)(6). The court is unable to fathom how defendant's argument in this regard has any application to the facts of his case.

Lastly, and apparently in conjunction with the preceding argument, defendant seems to argue that the government will be unable to prove that he (personally) conducted or attempted to conduct a financial transaction which in part constituted a violation of 18 U.S.C. § 1956. Presumably the trial of this case will definitively answer this question.

In summation, defendant's *pro se* motion is frivolous and wasteful of the court's time. It is therefore respectfully recommended that it be denied.[2]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

4

Case 2:10-cr-00063-JRG Document 70 Filed 10/23/12 Page 4 of 4 PageID #: 225