UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT GREENEVILLE

| | |
|---|---|
| QWINDELL JEROME PAGE, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | Nos. 2:10cr63<br>       2:15cv136 |

MEMORANDUM AND ORDER

On June 22, 2018, the Court denied Qwindel Jerome Page's ("Page" or "movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, [Doc. 158-159]. Currently before the Court is movant's "Motion For Relief From the Court's Order and Judgment Pursuant to Federal Rules of Civil Procedure 54(b) and 59(c)," [Doc. 160]. The United States has not responded. For the reasons set forth herein, the motion is DENIED.

Rule 54(b) deals with the Court's authority to enter final judgment on "fewer than all the claims or the rights and liabilities of fewer than all the parties" in an action. Fed. R. Civ. P. 54(b). That is not what the Court did in this case. In any event, Rule 54(b) does not provide any avenue for Page to seek relief from the Court's June 22 judgment. Any relief from the judgment must come through Rule 59(e).

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend a judgment if they are filed within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). However, "[s]uch a motion is extraordinary and is seldom granted 'because it contradicts notions of finality and repose.'" *Rister v. Wisely*, 2013 WL 2251108, at *2 (W.D. Ohio May 22, 20130 (quoting *Mitchell*

1

*v. Citizens Bank*, 2011 WL 247421, at* 1 (M.D. Tenn. Jan. 26, 2011); *see also* 11 Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."). A district court has considerable discretion in granting or denying a motion under Rule 59(e), and such a decision is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F. 2d 119, 122 (6th Cir. 1982)(citations omitted).

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F. 3d 479, 496 (6th Cir. 2006) (internal quotation marks and citation omitted). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians* v. *Engler,* 146 F. 3d 367, 374 (6th Cir. 1998) (citing *F.D.I.C. v. World Univ. Inc.,* 978 F. 2d 10, 16 (1st Cir. 1992) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration.") (citations omitted) (emphasis in original)). "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.' " *Shah v. NSP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F. 3d 383, 395 (6th Cir. 2007)). Additionally, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citations omitted).

Page initially notes that the Court granted his motion to amend his motion to vacate but did not resolve all claims raised in the amendment, [Doc. 160 at 2]. He does not identify the claims he refers to, however. As noted in the Court's prior memorandum, the motion to amend raised no new claims, so far as the Court can tell, and consisted solely of supplemental argument. As such, there

are no claims raised in the amended pleading to be resolved by the Court.

Secondly, Page argues once again that the Court erroneously calculated the drug quantities attributable to him for the purpose of calculating his base offense level for the drug counts. It is clearly established, as set forth above, that a Rule 59(e) motion cannot be used as an opportunity to simply re-argue an issue on which he failed to prevail. That is precisely what Page attempts to do here. The Court properly resolved the claim in its prior memorandum and Page has shown no "clear error of law" or an intervening change in the law and the motion is due to be denied for this reason.

In his motion, Page once again argues that USSG § 3D1.2(d) expressly prohibits the Court from converting proceeds from drug sales to quantities for base offense level purposes, citing *United States v. Settle*, 414 F. 3d 629, 632 n. 2 (6th Cir. 2005). He argues that "§ 1B1.3(a)(2) . . . contains a 'threshold limitation' that requires BOTH the 'offense of conviction' (i.e. the drug counts, here) and the 'relevant conduct offense' (i.e. the money laundering count) to be not only 'groupable,' but groupable specifically under U.S.S.G. § 3D1.2(d)," and claims therefore that "the Court committed a manifest error of law where it concluded that it was free to use the conduct underlying the movant's money laundering count as conduct 'relevant' to the Court's drug weight determination . . ." [Doc. 110 at 3-4]. The argument, however, represents a misunderstanding of how the Court determined the quantity for purposes of Page's base offense level for the drug counts. Rather than considering the money laundering count as relevant conduct, as petitioner claims, the Court simply "extrapolated" a quantity from the amount of money representing drug proceeds, an amount determined from wire transfers in furtherance of the drug conspiracy, a method clearly approved by a long line of Sixth Circuit precedent. *See* [Doc. 158 at 10-11]. The Court committed no error, much less a "manifest" error.

Page also once again raises a "double-counting" error, although he acknowledges that the

3

Guidelines seek to account for "aggregate harm," claiming that application of the 2-level enhancement of USSG § 2S1.1(b)(2)(B) results in double counting where, as he sees it, the money laundered is converted to a quantity of drugs sold. As stated in the prior paragraph, the Court used the amount of money sent by wire to purchase drugs, which represented the proceeds of prior drug sales, and converted it to a quantity of drugs represented by the wire transfers. The two-level enhancement then recognized that the offenses also involved money laundering under 18 U.S.C. § 1956 to reflect the aggregate harm. There was no double counting.

For the reasons set forth herein, Page's motion, [Doc. 160], is DENIED. For the reasons set forth in the Court's previous memorandum and order, the Court denies a certificate of appealability.

SO ORDERED.

ENTER:

                                                            s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE